Slip Op. 19-45

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHANDONG DONGFANG BAYLEY WOOD CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COALITION FOR FAIR TRADE OF HARDWOOD PLYWOOD, <br><br> Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 18-00020 |

## OPINION

[Sustaining the U.S. Department of Commerce's final determination in the countervailing duty investigation of certain hardwood plywood products from the People's Republic of China.]

Dated: April 12, 2019

Gregory S. Menegaz, Alexandra H. Salzman, J. Kevin Horgan, deKieffer & Horgan, PLLC, of Washington, D.C., for Plaintiff Shandong Dongfang Bayley Wood Co., Ltd.  John J. Kenkel also appeared.

Sonia M. Orfield, Trial Attorney, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With them on the brief were Joseph H. Hunt, Assistant Attorney General, and Jeanne E. Davidson, Director.  Of counsel on the brief was Jessica R. DiPietro, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Timothy C. Brightbill, Elizabeth S. Lee, Stephanie M. Bell and Usha Neelakantan, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Coalition for Fair Trade of Hardwood Plywood.  Adam M. Teslik, Cynthia C. Galvez, Derick G. Holt, Jeffrey O. Frank, Laura El-Sabaawi, Maureen E. Thorson and Tessa V. Capeloto also appeared.

Choe-Groves, Judge:  Before the court is a Rule 56.2 motion for judgment on the agency record filed by Plaintiff Shandong Dongfang Bayley Wood Co., Ltd. ("Plaintiff" or "Bayley"). Bayley contests the U.S. Department of Commerce's ("Commerce" or "Department") final determination in the countervailing duty investigation of certain hardwood plywood products from the People's Republic of China ("China"), in which the Department found that countervailable subsidies are being provided to producers and exporters of the subject merchandise.  See <u>Countervailing Duty Investigation of Certain Hardwood Plywood Products From the People's Republic of China</u>, 82 Fed. Reg. 53,473 (Dep't Commerce Nov. 16, 2017) (final affirmative determination and final affirmative critical circumstances determination, in part) ("<u>Final Determination</u>"); <u>see also</u> Dep't Commerce, Issue and Decision Memorandum for the Final CVD Determination, PD 618, bar code 3640091-01 (Nov. 13, 2017) ("Final IDM"). For the foregoing reasons, the court sustains Commerce's final determination in full.

**ISSUES PRESENTED**

This case presents the following issues:

1. Whether Commerce's determination to apply facts available with an adverse inference ("adverse facts available or AFA") to Bayley is supported by substantial evidence;

2. Whether Commerce's determination not to verify certain submissions is in accordance with the law; and

3. Whether Commerce's determination to disregard Plaintiff's submitted information is in accordance with the law and not arbitrary and capricious.

## PROCEDURAL HISTORY

Commerce initiated a countervailing duty investigation on hardwood plywood products from China on December 8, 2016, at the request of Petitioner Coalition for Fair Trade in Hardwood Plywood ("Coalition" or "Petitioner").  See <u>Certain Hardwood Plywood Products From the People's Republic of China</u>, 81 Fed. Reg. 91,131 (Dep't Commerce Dec. 16, 2016) (initiation of countervailing duty investigation).  The period of investigation was from January 1, 2015 through December 31, 2015.  <u>See</u> <u>id.</u> at 91,132.  Commerce selected Bayley and Linyi Sanfortune Wood Co., Ltd. as mandatory respondents.  <u>See</u> Dep't Commerce, Decision Memorandum for the Preliminary CVD Determination at 2, PD 404, bar code 3564577-01 (Apr. 19, 2017) ("Prelim. IDM").

Commerce issued initial questionnaires to Bayley and the Government of China on January 17, 2017.  <u>Id.</u>  Bayley filed its affiliation questionnaire response on January 31, 2017.  <u>Id.</u>; <u>see</u> Bayley Affiliation Qre Resp., PD 162, bar code 3540296-01 (Feb. 1, 2017).  In this response, Bayley revealed its affiliation with Companies A, B, and C.[1]  <u>See</u> Prelim. IDM at 2, 4.  Bayley also reported that it was partially-owned by Person A and majority-owned by Person B, a husband and wife.  <u>Id.</u> at 24.  Bayley submitted its full response to the initial questionnaire on March 2, 2017.  <u>Id.</u> at 2–3.  Commerce issued a supplemental questionnaire for Companies A, B, and C on March 8, 2017.  <u>Id.</u> at 3.  Bayley submitted a section III response for Companies A, B, and C on March 28, 2017.  <u>Id.</u> at 4.  In this response, Bayley revealed an affiliation with

---

[1] The court notes that Companies A, B, C, and D are distinct from Persons A, B, and C.  The names of Companies A, B, C, and D, and Persons A, B, and C are confidential.  The court refers to the companies and persons as the Parties do.

Company D, which was wholly-owned by Person C, the father of Person B and father-in-law of Person A. Id. at 4, 24–25. Commerce issued a second supplemental questionnaire for Company D on April 3, 2017. Id. at 4. Bayley submitted a section III response for Company D on April 10, 2017. Id. Petitioner submitted comments to Bayley's initial questionnaire response on March 20, 2017, asserting that Bayley was affiliated with another company, Shelter Forest International Acquisition, Inc. ("Shelter" or "SFIA"). Id. at 27. Bayley responded to Petitioner's comments and denied its affiliation with Shelter on April 3, 2017. See id. at 4.

Commerce published its preliminary determination on April 25, 2017. See Certain Hardwood Plywood Products from the People's Republic of China, 82 Fed. Reg. 19,022 (Dep't Commerce Apr. 25, 2017) (preliminary affirmative countervailing duty determination, preliminary affirmative critical circumstances determination, in part, and alignment of final determination with final antidumping duty determination) ("Preliminary Determination"). Commerce determined preliminarily that application of AFA was warranted based on Bayley's failure to disclose all affiliates, and assigned Bayley a subsidy rate of 111.09%. See id. at 19,023; see also Prelim. IDM at 24–31.

Commerce published its final determination on November 16, 2017. See Final Determination. Commerce continued to apply AFA to Bayley in its final determination and assigned Bayley a subsidy rate of 194.90%. See id. at 53,474–75; see also Final IDM at 24.

Bayley initiated an action in this court on February 27, 2018. See Summons, Feb. 2, 2018, ECF No. 1., Compl., Feb. 27, 2018, ECF No. 8. Bayley filed a Rule 56.2 motion for judgment on the agency record on August 3, 2018. See Pl. Shandong Dongfang Bayley Wood Co., Ltd.'s Mot. J. Agency R., Aug. 3, 2018, ECF No. 20; see also Pl. Shandong Dongfang

Bayley Wood Co., Ltd.'s Rule 56.2 Mem. Supp. Mot. J. Agency R., Aug. 3, 2018, ECF No. 20-1 ("Pl. Br."). Defendant and Petitioner filed response briefs on October 2 and 3, 2018. See Def.'s Mem. Opp'n Pl.'s Rule 56.2 Mot. J. Agency R., Oct. 2, 2018, ECF No. 25; Resp. Br. Def.-Intervenor Coalition for Fair Trade in Hardwood Plywood, Oct. 3, 2018, ECF No. 27. Bayley filed a reply brief on November 5, 2018. See Pl. Shandong Dongfang Bayley Wood Co., Ltd. Reply Br., Nov. 5, 2018, ECF No. 30.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to Section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012), and 28 U.S.C. § 1581(c). The court shall hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record, or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i).

The court will uphold Commerce's determinations unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. § 1516a(b)(1)(B)(ii). An agency acted in an arbitrary and capricious manner if it "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also Al. Aircraft Indus., Inc. v. United States, 586 F.3d 1372, 1375 (Fed. Cir. 2009).

## ANALYSIS

I. **Commerce's Application of AFA**

Section 776 of the Tariff Act provides that if "necessary information is not available on the record" or if a respondent "fails to provide such information by the deadlines for submission of the information or in the form and manner requested," then the agency shall "use the facts otherwise available in reaching" its determination. 19 U.S.C. § 1677e(a)(1), (a)(2)(B). If the Department finds further that "an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information" from the agency, then the Department "may use an inference that is adverse to the interests of that party in selecting from among the facts otherwise available." Id. § 1677e(b)(1)(A). The U.S. Court of Appeals for the Federal Circuit has interpreted these two subsections to have different purposes. See Mueller Comercial de Mexico, S. de R.L. De C.V. v. United States, 753 F.3d 1227, 1232 (Fed. Cir. 2014). Subsection (a) applies "whether or not any party has failed to cooperate fully with the agency in its inquiry." Id. (citing Zhejiang DunAn Hetian Metal Co. v. United States, 652 F.3d 1333, 1346 (Fed. Cir. 2011)). On the other hand, subsection (b) applies only when the Department makes a separate determination that the respondent failed to cooperate "by not acting to the best of its ability." Id. (quoting Zhejiang DunAn Hetian Metal Co., 652 F.3d at 1346).

When determining whether a respondent has complied to the "best of its ability," Commerce "assess[es] whether [a] respondent has put forth its maximum effort to provide Commerce with full and complete answers to all inquiries in an investigation." Nippon Steel v. United States, 337 F.3d 1373, 1382 (Fed. Cir. 2003). This finding requires both an objective and subjective showing. Id. Commerce must determine objectively "that a reasonable and

responsible importer would have known that the requested information was required to be kept and maintained under the applicable statutes, rules, and regulations." Id. (citing Ta Chen Stainless Steel Pipe, Inc. v. United States, 298 F.3d 1330, 1336 (Fed. Cir. 2002)). Next, Commerce must demonstrate subjectively that the respondent's "failure to fully respond is the result of the respondent's lack of cooperation in either: (a) failing to keep and maintain all required records, or (b) failing to put forth its maximum efforts to investigate and obtain the requested information from its records." Id. at 1382–83. Adverse inferences are not warranted "merely from a failure to respond," but rather in instances when the Department reasonably expected that "more forthcoming responses should have been made." Id. at 1383. "The statutory trigger for Commerce's consideration of an adverse inference is simply a failure to cooperate to the best of respondent's ability, regardless of motivation or intent." Id.

　　Commerce may rely on information derived from the petition, a final determination in the investigation, a previous administrative review, or any other information placed on the record when making an adverse inference. See 19 U.S.C. § 1677e(b)(2); 19 C.F.R. § 351.308(c). Respondents should be forthcoming with information, regardless of their views on relevancy, in the event the agency finds differently. See POSCO v. United States, 42 CIT __, __, 296 F. Supp. 3d 1320, 1340–41 (citing Essar Steel Ltd. v. United States, 34 CIT 1057, 1073, 721 F. Supp. 2d 1285, 1299 (2010)).

　　Commerce found that Bayley "failed to cooperate by not acting to the best of its ability to comply" with the Department's requests for information by not disclosing the full extent of its affiliations as required by the initial questionnaire. Final IDM at 24; see also Dep't Commerce, Initial CVD Qre, PD 152, bar code 3537176-01 (Jan. 17, 2017) (instructing the companies to

provide affiliation information). Plaintiff contends that the Department's application of AFA to Bayley because of its alleged affiliation with one of its customers, Shelter Forest International Acquisition Inc., is unsupported by substantial evidence. Pl. Br. 14. Bayley contends that Commerce relied on (1) inconclusive information that Petitioner placed on the record from an antidumping investigation on hardwood plywood that took place in 2012 ("Plywood I")[2], (2) discredited information from a cached webpage, and (3) conjecture on the relationship between two U.S. companies. Id. at 3–4.

Bayley attempted to rebut the evidence Petitioner placed on the record by arguing that SFIA is not the same company as that operating in 2012. See Prelim. IDM at 28; see also Bayley Resp. to Petitioners' Allegations re Affiliation at 2, PD 356, bar code 3559719-01 (Apr. 4, 2017). Bayley stated that the Plywood I documents refer to Shelter Forest International, Inc., which is a different company than that at issue in this investigation. See Prelim. IDM at 28–29; see also Bayley Resp. to Petitioners' Allegations re Affiliation at 4, PD 356, bar code 3559719-01 (Apr. 4, 2017). Bayley placed each company's business registration with the Oregon Secretary of State on the record, arguing that the two companies are different because the registrations show two different companies with two different addresses. See id. at 5. Commerce made a "full examination of the business registration documents that are publicly available" and found that Bayley failed to provide available attachments showing that the president of both Shelter companies is the same person, supporting a finding of affiliation. See Prelim. IDM at 29–30; see

---

[2] See Hardwood Plywood from China, 78 Fed. Reg. 76,857 (Int'l Trade Comm. Dec. 19, 2013) (determinations).

also Dep't Commerce, Shelter Corporate Documents, PD 420, bar code 3564868-01 (Apr. 19, 2017).

Commerce reasonably suspected that Bayley failed to provide Commerce with information at the outset of the investigation. After investigating Bayley's rebuttal evidence further, Commerce found substantial evidence that Bayley and Shelter are affiliated. Commerce's decision to apply AFA was reasonable. See Nippon Steel, 337 F.3d at 1383 (holding that "intentional conduct, such as deliberate concealment or inaccurate reporting" shows a failure to cooperate); Essar Steel Ltd. v. United States, 678 F.3d 1268, 1276 (Fed. Cir. 2012) (finding that "[p]roviding false information and failing to produce key documents unequivocally" shows that respondent "did not put forth its maximum effort"); Maverick Tube Corp. v. United States, 857 F.3d 1353, 1360 (Fed. Cir. 2017) (concluding that substantial evidence supports Commerce's decision to apply AFA where respondent failed to provide information requested by Commerce and "never claimed that it was unable to provide" the information). The court concludes that Commerce's decision to apply AFA to Bayley for failure to disclose the full extent of its affiliations is supported by substantial evidence.

## II. Commerce's Decision Not to Verify

Commerce "shall verify all information relied upon in making a final determination in an investigation." 19 U.S.C. § 1677m(i)(1); see also 19 C.F.R. § 351.307(b). At verification, Commerce employees "will request access to all files, records, and personnel which the Secretary considers relevant to factual information submitted of: (1) producers, exporters, or importers." 19 C.F.R. § 351.307. Commerce need not consider information submitted by an

interested party if the information "is so incomplete that it cannot serve as a reliable basis for reaching the applicable determination." 19 U.S.C. § 1677m(e)(3).

Bayley contends that Commerce should have verified its questionnaire responses. Pl. Br. 30. Bayley contends also that Commerce should have verified the evidence Petitioner put on the record, including the documents from Plywood I, the cached website information, and Bayley's alleged affiliations with other Chinese producers, once Bayley denied any affiliation with Shelter. Id. at 30–32. This is incorrect. Because Commerce did not rely upon Bayley's questionnaires, it did not need to verify them. The evidence that Petitioner placed on the record was not their own and therefore there were no "files, records, and personnel" that Commerce could request from Petitioner to verify it. Commerce considered the evidence to find it was reasonable to suspect Bayley's responses were "so incomplete" as to not "serve as a reliable basis for reaching the applicable determination." Bayley had to rebut this presumption and it was not able to do. Commerce's decision not to verify both Bayley's questionnaire responses and the evidence the Petitioner put on the record is in accordance with the law.

### III. Commerce's Decision Not to Consider Information

If Commerce "determines that a response to a request for information . . . does not comply with the request," Commerce "shall promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency." 19 U.S.C. § 1677m(d). Commerce "satisf[ies] its obligations under section 1677m(d) when it issue[s] a supplemental questionnaire specifically pointing out and requesting clarification of [the party's] deficient responses." NSK Ltd. v. United States, 481 F.3d 1355, 1360 n.1 (Fed. Cir. 2007). "[N]othing in the [language of the

statute] compels Commerce to treat intentionally incomplete data as a 'deficiency' and then to give a party that has intentionally submitted incomplete data an opportunity to 'remedy' as well as to 'explain.'" Papierfabrik August Koehler SE v. United States, 843 F.3d 1373, 1384 (Fed. Cir. 2016), cert. denied, 138 S. Ct. 555 (2017).

During the investigation, Commerce's initial questionnaire requested that Bayley report all affiliated and cross-owned companies. See Dep't Commerce, Initial CVD Qre, PD 152, bar code 3537176-01 (Jan. 17, 2017). Bayley reported that it was partially-owned by Person A and majority-owned by Person B, a husband and wife. See Final IDM at 22. Bayley originally did not list Company D as an affiliate. See id.; Bayley Affiliation Qre Resp. at 3, PD 162, bar code 3540296-01 (Feb. 1, 2017). Bayley eventually reported that Company D was wholly-owned by Person C, the father-in-law of Person A and father of Person B on March 28, 2017. See Prelim. IDM 24–35 (referring to Bayley Company A Sec III Qre Responses, PD 309–310, bar code 3555719-01 (Mar. 28, 2017)). Bayley argued that it did not need to report Company D as an affiliate because Person B was no longer considered part of the same family as her father, Person C, after her marriage per Chinese tradition. See Prelim. IDM at 26; Final IDM at 25; Bayley, Second Supplemental Questionnaire Response at 8–9, PD 393, 3562018-01 (Apr. 11, 2017). Commerce requested a response from Company D that replied to the initial questionnaire. See Bayley, Second Supplemental Questionnaire Response at 9, PD 393, 3562018-01 (Apr. 11, 2017). Company D submitted this questionnaire on April 10, 2017. Bayley, Company D Sec III Qre Rsp, PD 391, bar code 3561903-01 (Apr. 11, 2017). Commerce "found Bayley Wood's timely filing of the Company D response to be irrelevant given our finding that the company did not cooperate to the best of its ability" by "depriv[ing] the Department of the ability to fully

Court No. 18-00020                                                                                                    Page 12

investigate the issues of affiliation and cross-ownership." Final IDM at 26. Despite Bayley's timely filing, Commerce decided to apply AFA for failure to comply after Bayley did not include all affiliation information in response to the initial questionnaire and first supplemental questionnaire.

Bayley contends that Commerce's (1) refusal to consider Company D's questionnaire response; (2) refusal to issue Bayley a supplemental questionnaire; and (3) refusal to consider the information Bayley offered to clarify its lack of affiliations, are not in accordance with the law. See Pl. Br. 33. The record evidence establishes that Bayley intentionally submitted incomplete information to Commerce regarding its affiliations because it did not consider Person B to be part of Person C's family (her father). See 19 U.S.C.§ 1677(33)(A) (providing that "the following persons shall be considered to be 'affiliated' or 'affiliated persons': [m]embers of a family, including . . . lineal descendants."). The court finds that Commerce's conclusion that Bayley provided incomplete information was reasonable because under United States law, Bayley should have provided information about the affiliated relationship of Person C and Person B who are lineal descendants. Commerce satisfied its burden under section 1677m(d) both to inform Bayley that Bayley's affiliation response was deficient and to allow Bayley to correct its response after Commerce issued the first supplemental questionnaire. See NSK Ltd., 481 F.3d at 1360 n.1. Bayley contends also that Commerce must provide a party with an opportunity to remedy or explain a deficiency "regardless of whether the Department, the respondent, or any other party first brings such a deficiency to the Department's" attention. Pl. Br. 33; see also 19 U.S.C. § 1677m(d). Bayley relies on China Kingdom Import & Export Co. Ltd v. United States, 31 CIT 1329, 507 F. Supp. 2d 1337 (2007), as support for this proposition.

Court No. 18-00020 Page 13

Commerce applied AFA for failure to comply after Bayley did not include all affiliation information in response to the initial questionnaire and first supplemental questionnaire and it therefore did not need to consider the Company D questionnaire.

Bayley contends further that Commerce's disregard of Bayley's questionnaire response for Company D is arbitrary and capricious. Pl. Br. 38. Commerce did not dispute that this submission was timely. Final IDM at 26. Commerce disregarded the questionnaire because it determined that the response would not change the fact that Bayley "significantly impeded the Department's ability to complete [its] investigation." See id. at 27. The court finds that Commerce's decision was not arbitrary and capricious.

## CONCLUSION

For the foregoing reasons, the court concludes that: (1) Commerce's application of AFA to Bayley is supported by substantial evidence; (2) Commerce's determination not to verify Petitioner's and Bayley's submissions is in accordance with the law; and (3) Commerce's determination to disregard Bayley's submitted information is in accordance with the law and not arbitrary and capricious.

Judgment will be entered accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: April 12, 2019
New York, New York